BRAUN and others, Appellants, vs. MONTELLO GRANITE COMPANY, Respondent.

*February 15—March 11, 1924.*

*Boundaries: Exterior lines of plat: Angles controlling: Evidence.*

> In an action of ejectment involving the location of the exterior boundaries of a plat of land which was recorded in 1873 and vacated later, an angle at the intersection of the boundary of the tract and a street, indicated upon said plat, is *held* to control as a starting point rather than an angle shown at another corner, the degree of which was not indicated.   p. 307.

APPEAL from a judgment of the circuit court for Marquette county: OSCAR M. FRITZ, Judge. *Reversed.*

Ejectment. John McAfee, the owner of the south half of the southeast quarter of section 9, township 15 north, of range 10 east, caused a plat of a part thereof to be recorded on May 9, 1873. Exhibit 8, a copy of which is inserted herewith, is a photographic copy reduced in size and represents the original plat as recorded, the plat itself not having been offered or received in evidence. The plat embraced a part of the southwest quarter of the southeast quarter and a part of the southeast quarter of the southeast quarter. On May 13, 1873, McAfee and wife conveyed

"All that portion of the southeast quarter of the southeast quarter of section nine (9), township fifteen (15), range ten (10), that was not surveyed into lots by Thomas McLaughlin, county surveyor of Marquette county, Wisconsin, supposed to contain thirty (30) acres more or less."

The plaintiffs succeeded to the interest thus conveyed by mesne conveyances. The defendant by mesne conveyances is the owner of that part of the southeast quarter of the southeast quarter of section 9 embraced within the plat. Clara L. Power, a resident of Massachusetts, purchased the property in 1904. She proceeded forthwith to have the premises surveyed, and for that purpose employed C. E. Corning,

Exhibit 8.

Exhibit 9.

the county surveyor being ill at the time.   Corning's survey indicates the location of the plat as shown upon Exhibit 9.   Immediately after the Corning survey the owner caused a fence to be erected along the easterly and northerly boundaries of that part of the plat lying in the southeast quarter of the southeast quarter.   The original plat was vacated by proceedings duly had January 8, 1884, so that the case concerns only the location of the exterior lines of the plat.   The fence erected by Clara L. Power was repaired from time to time and was in existence at the time of the commencement of this action.   It in part, however, had fallen into dilapidation.   Clara L. Power deeded to the plaintiffs by deed executed on the 29th day of May, 1922.   The plaintiffs thereupon caused a survey to be made by George E. Phillips, county surveyor, who located the plat substantially in accordance with the survey of C. E. Corning, Exhibit 9.   In 1922 the defendant caused to be erected a fence along the line of Eastern avenue, extending from the southerly corner of the plat to the northeasterly corner thereof, as indicated in Exhibit 8, and excluded the plaintiffs from the tract in dispute.   Thereupon the plaintiffs began this action.   According to the Corning and Phillips surveys, the northeast corner of the plat is distant 356 feet approximately from the north line of the southeast quarter of the southeast quarter.   Referring to Exhibit 9, the dispute arises as to the ownership of the parcel of land bounded on the south by Columbus avenue, on the east by Eastern avenue extended north to the north line of the tract, on the north by the north line of the tract, and on the west by the west line of the southeast quarter of the southeast quarter, containing approximately 5.78 acres.   The tract is very valuable by reason of the outcropping of a granite ledge thereon.

The circuit court was of the opinion that the plaintiffs had not acquired title to this parcel and were therefore not entitled to recover, and from the judgment entered accordingly the plaintiffs appeal.

*L. H. Bancroft* of Milwaukee, for the appellants.

For the respondent there was a brief by *McNamara & McNamara* of Montello, and oral argument by *D. W. McNamara* and *Vincent F. McNamara*.

ROSENBERRY, J.    As was said by the trial court, the crux of this litigation is the problem as to the correct location of the land intended to constitute the plat.    The case is not without its difficulties.    There is no considerable conflict in the evidence.    The south line of the tract of land upon which the plat was imposed is a section line.    Both the southwest corner of the southwest quarter of the southeast quarter and the southeast quarter of the section are well established points.    There is no dispute as to the location of the boundaries of the tract of land (the southwest quarter of the southeast quarter and the southeast quarter of the southeast quarter) as described.    The entire problem relates to the exterior boundaries of the plat.    The trial court assumed that the angle made by the line of Columbus avenue and the western boundary of the plat was a right angle.    If that fact be assumed, the conclusion of the trial court follows irresistibly as to the ownership of the particular property in dispute, being the 5.78 acres before referred to, and it was not necessary for the trial court to find and he did not find where the intersection of Barstow street and Eastern avenue should be located.    There is no dispute that if the plat be laid out upon the ground, having the intersection of Barstow street and Eastern avenue on the south line of the tract at substantially the eighth post, following the distances indicated upon the plat, that Eastern avenue will not reach the north line of the tract within approximately 356 feet.    It must therefore appear to be equally certain that if it be laid out upon the ground so that the north line of the plat will coincide with the north line of the tract of land, the intersection of Barstow street and Eastern avenue will be some 300 feet north of the south line of the tract.    It is also undisputed that if

the plat should be laid out as last indicated, Barstow street would run along the face of a bluff or hill in an impossible situation for a highway; that Barstow street as it now exists and as indicated on Exhibit 9, the Corning survey, and as indicated also by the Phillips survey, follows a line about equidistant from the bluff and that other streets are then situated upon the higher land adjacent.

If the location of Barstow street or a road corresponding thereto at the time of the recording of the plat had been established by the evidence, the solution of the problem would be comparatively easy, but we find no evidence to that effect in the record. There is evidence that it had existed for more than thirty years. Between that time and the making of the plat there had elapsed a period of eighteen years or more. If the location of the highway had been established at the time the plat was recorded, it might answer the calls of a monument and so fix the location of the plat. There is no dispute that the plat cannot be laid out upon the ground as indicated in Exhibit 8 without changing the location of Clay street, Polk street, and the size and exterior boundaries of every lot on the plat lying east of Groton street. In order to lay it out, the distance from the northeasterly point of the plat as indicated on the Corning survey to the north line of the forty would have to be apportioned, and in apportioning it the angles of the streets and the size of the lots would be radically and materially changed so that the plat would no longer represent a picture of such a situation. It therefore seems plain that the problem is to determine whether or not it should be laid out so that Barstow street coincides with the present highway, or substantially so, or whether it should be laid out so that the line of Columbus avenue coincides with the north line of the tract. Upon either theory the picture made by Exhibit 8 is not correct because in that picture the southwesterly line of the plat corresponds with Barstow street and the northerly line of the plat corresponds to the north boundary line of the tract—an impossible situation when it is attempted to lay out the plat upon the ground.

The trial court started with the assumption, as before stated, that the angle made by the line of Columbus avenue and the western boundary of the tract was a right angle. So it appears from the picture. The only angle indicated in the original plat is that made by the line of Barstow street with the westerly line of the tract, which is indicated as south 55 degrees east. If the plat be laid out upon that basis even disregarding the highway, the line of Columbus avenue and the western boundary line of the tract do not make a right angle as is shown by Exhibit 9, but when so laid out the angle of Barstow street to the western boundary does correspond with the highway and leaves the picture represented by the plat a true one, taking into account the distances indicated thereon. The angle at the intersection of the western boundary of the tract and Barstow street having been indicated upon the plat, we think it must control as a starting point rather than the angle pictured in the plat at the northwest corner, no angle being indicated. This conclusion is strengthened by the fact, which is not disputed, that Barstow street would then run equidistant from the bluff or hill instead of diagonally along its face; the various lots and blocks would then have approximately the area indicated in the original plat; Eastern avenue would touch the south line of the tract instead of ending at some point approximately 300 feet north thereof; and the recital in the deed to the effect that the tract deeded to the predecessors in interest of the plaintiffs contained approximately thirty acres more or less would be in accordance with the fact or substantially so. There is no dispute as to the location of Barstow street where it crossed the west line of the tract. The plat of the original village of Montello lies to the west, and the location of those points is not in dispute. It appears that the maker of the original plat started with station number one, being the intersection of the north line of Barstow street with the west line of the tract, and indicated the angle. No survey could have produced a plat corresponding to the original plat. It cannot be laid out upon the ground even

approximately, having regard to the measurements, as indicated on the plat. If the claim of the defendant should be sustained, the lands conveyed to Clara L. Power and by her to the plaintiffs would have an area of twenty-four acres instead of thirty acres. The plat having been vacated and having been bounded by a street upon each side, one half of the vacated streets would be divided equally between the adjoining owners, so that the boundary line of the plat as vacated would be the center line of the streets as platted.

Many authorities have been cited to our attention, none of which meet the situation disclosed by the evidence in this case. Most controversies deal with the location of tracts within the exterior lines of the plat and not with its exterior lines. Our conclusion is further strengthened by the fact, although it is not dependent thereon, that the fence erected by Clara L. Power was permitted to remain nearly twenty years undisturbed, and by the further fact that Phillips in his survey found a monument in the shape of an iron pipe which marked the northeasterly corner of the plat substantially as located by Phillips and Corning, although it did not appear by whom the monument was erected; and further by the fact that Barstow street as traveled corresponds substantially in location with Barstow street as indicated on the Corning and Phillips survey; further, that when laid out upon the ground, as indicated in the Corning survey, it is a practicable, workable plat, whereas if it is laid out so that the north line of the plat will correspond to the north line of the tract, then Barstow street departs from the traveled highway and would be located on the face of the hill or bluff—a most unlikely location for a public street.

It was contended by the defendant that it and its predecessors in title had been in possession of the disputed tract under claim of title, but the jury found against the defendant on that issue.

We conclude, therefore, that the court was in error in holding that the plaintiffs were not the owners of the tract

Chicago, St. P., M. & O. R. Co. v. New Dells L. Co. 183· Wis. 309.

of land in dispute. There are some discrepancies. Barstow street as located on the original plat has its south line passing through the eighth post, while on the Phillips and Corning survey the north line of the street passes through the eighth post. The angle on the Phillips survey of the north line of Barstow street with the west line of the street is given as 57 degrees 15 minutes, while on the Corning survey it is given as 55 degrees. We think the angle indicated upon the plat must control in the absence of evidence showing the location of Barstow street in 1873 when the plat was recorded.

*By the Court.*—Judgment of the circuit court is reversed, and cause remanded for further proceedings according to law not inconsistent with this opinion.